MAURO, Circuit Attorney, v. BUFFINGTON, Auditor of Public Accounts.

1. The "act to regulate the fees of the circuit attorney of the eighth judicial circuit," approved March 1, 1851, (Sess. Acts, 1851, p. 216,) is an act specially applicable to St. Louis county within the meaning of section 23 of the act concerning the revised statutes, approved December 6, 1855, (R. C. 1855, p. 1027,) and, consequently, it was not repealed by the act regulating fees contained in the revised code of 1855.   (R. C. 1855, p. 756.)

*Application for  a  Mandamus.*

The facts sufficiently appear in the opinion of the court.

*Parsons*, for the petitioner.

I. The general fee law of 1855 did not repeal the act of 1851.   The act of 1855 provides that the fees of circuit attorneys shall be as therein specified " unless in cases where it is otherwise directed by law."   The act itself seems to contemplate exceptions.   The act of 1851 is not of a " public, general and permanent nature" within section 20 of the act concerning the revised statutes.   It is an act specially appli-

cable to St. Louis county, and retains its vitality by virtue of section 23 of the act of 1855 concerning the revised statutes. The act of 1851 is not repugnant to the act of 1855. It is not therefore repealed by implication. (Dwarris on Statutes, 532 ; 5 Hill, 225 ; 2 Barb. 316.)

*Ewing*, (attorney general,) for respondent.

I. The act of 1851 is repugnant to the general fee law of 1855. It is a revision of the several acts on the same subject, and by its terms applies to and provides uniform fees for all the circuit attorneys of the state. A subsequent statute, revising the subject matter of former ones and indirectly intended as a substitute for them, although it contains no express words to that effect, must operate as a repeal of the former acts ; and it makes no difference in the controlling operation of the later statute that it is general and the other special. (Smith, Com. 904 ; 1 Rich. 43, 154.) Section 23 of the act concerning the revised statutes does not except the act of 1851 from the operation of the general fee law. It embraces only such acts as are " specially applicable" to St. Louis county or city *eo nomine*, and not such as apply to a municipal district or judicial circuit composed of St. Louis county. (Ludlow's heirs v. Johnson, 3 Ohio, 694.) The law of 1851 is, in no proper sense of the words, " specially applicable" to the city or county of St. Louis. It is also repugnant to the general law concerning costs.

NAPTON, Judge, delivered the opinion of the court.

This is an application for a mandamus upon the auditor of public accounts ; and the only question is, whether the act of March 1, 1851, entitled " An act to regulate the fees of the circuit attorney of the eighth judicial circuit," is repealed by the general fee law in the revised code of 1855. We are of opinion that the act of 1851 is not repealed either expressly or impliedly. The 23d section of the act concerning the revised statutes (R. C. 1855, p. 1027) declares that " all acts and parts of acts, specially applicable to the city or county of

St. Louis, and in force at the commencement of the present session of the general assembly, and not repealed or modified by some act of the present session specially applicable to said county or city, shall be and the same are hereby continued in force." We consider the act of March 1, 1851, as an act of this nature, substantially and to all intents and purposes an act specially applicable to St. Louis county. It is true that the name of the county is not recited in so many words, but the statutes, of which we take judicial notice, advise us that the eighth judicial circuit is limited to St. Louis county, and a law regulating fees in that circuit alone is an act entirely confined in its operation to St. Louis county. That a law of this special nature may remotely or indirectly affect the state treasury or the interest of citizens in other counties, does not make the act any the less a special law applicable only to St. Louis county. It is probable that all the local acts of this character may occasionally or uniformly operate, directly or indirectly, upon the whole state or its citizens, but this is not the test by which it is to be determined whether the law is local or not.

Besides, there is no conflict between the general fee law and this special and local act. The general fee law indicates in terms that exceptions may be made by other acts. Moreover, the general repealing clause of the statute (sec. 20) does not appear strictly applicable to this act of 1851. The act is not of a general, public and permanent nature, nor is it alluded to in the revision of the fee law. The other judges concurring, the mandamus is awarded.